IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82992-TJM |
| | ) | |
| NETAL, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 15, 2011, regarding Fil. #104, Plan of Reorganization and Combined Disclosure Statement, filed by the debtor; Fil. #126, Motion to Convert Chapter 11 to Chapter 7, filed by the U.S. Trustee; and Fil. #144, Motion to Dismiss Case, filed by Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan, Contractors, Laborers, Teamsters & Engineers Pension Plan. David Hicks appeared for the debtor, Jerry Jensen appeared for the U.S. Trustee, Laurie Barrett appeared for the United States of America/Internal Revenue Service, Maynard Weinberg appeared for Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan and Contractors, Laborers, Teamsters & Engineers Pension Plan, International Union of Operating Engineers, Local No. 571; and Thomas Ukinski appeared for the Nebraska Department of Labor.

The debtor is currently in a Chapter 11 case and, although a plan and disclosure statement have been filed, the debtor has been unable to come to an agreement with a significant creditor and does not have the funds available to pay that creditor on a priority basis. Therefore, the plan cannot be confirmed and confirmation is denied.

The United States Trustee has filed a motion to convert the case to Chapter 7 based upon the debtor's inability to obtain confirmation of the Chapter 11 plan. That motion is supported by the employees' health and welfare plan and the pension plan and the union. It was resisted at the hearing by the United States on behalf of the Internal Revenue Service.

The debtor has recently filed a motion to dismiss and requests dismissal rather than conversion. It is the position of the debtor and the Internal Revenue Service that the tax authority has a lien on all of the remaining assets of the debtor, which consist of accounts receivable. Conversion of the case would simply add a layer of administrative expense by the appointment of a trustee and perhaps professionals for the trustee to engage in collection efforts with regard to the accounts receivable. The Internal Revenue Service believes it has its own collection ability and desires to be able to proceed against its collateral.

The welfare plan and the pension plan and the union desire a conversion to Chapter 7 because, in Chapter 7, at least a portion of their claims would be payable ahead of the Internal Revenue Service, pursuant to 11 U.S.C. § 724.

The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides for conversion or dismissal, whichever is in the best interest of creditors and the estate. In this case, the Internal Revenue Service is a secured creditor and the collateral value is less than the debt owed to it. It desires to liquidate its collateral and has the means and ability to do so. The employee plans and the union desire conversion so that they can jump ahead of the IRS, at least for part of their claims.

The United States Trustee objects to the motion to dismiss only because the debtor has failed to keep current with monthly reports of operations and has failed to pay the U.S. Trustee fees. The debtor agrees, if the case is to be dismissed, to bring the reports current and to make payment to the United States Trustee of all of its fees due to the date of dismissal.

Considering the interest of the parties, I find that the secured claim of the Internal Revenue Service should trump the claim of the plans and the union and it is in the best interest of the Internal Revenue Service to have the case dismissed. Therefore, an order of dismissal will be entered if the court is informed by the United States Trustee that the Chapter 11 operating reports have been brought current and the United States Trustee fees have been paid as of September 1, 2011. If the United States Trustee informs the court that the reports have not been brought current and/or the payments have not been made by that date, an order converting the case to Chapter 7 will be entered.

IT IS ORDERED that  the confirmation of the Small Business Plan, Fil. #104, is denied. An order of dismissal will be entered if the Chapter 11 operating reports have been brought current and the United States Trustee fees have been paid as of September 1, 2011. If the reports have not been brought current and/or the payments have not been made by that date, an order will be entered converting the case to Chapter 7.

DATED:      August 15, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *David Hicks
   *Jerry Jensen
   Laurie Barrett
   *Maynard Weinberg
   Thomas Ukinski
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.